## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MICHAEL WAYNE COX, | ) | Case No. 15-12910-SAH |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| VANGUARD OPERATING, LLC, | ) | |
| | ) | Adversary No. _____ |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL WAYNE COX, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff files this Complaint pursuant to 11 U.S.C. § 523 and Fed. R. Bankr. P. 7001(4) for money judgment in its favor and against Defendant, and to except from discharge certain debts of Defendant.

## PARTIES

1.      Plaintiff is a Delaware limited liability company with its principal place of business in Houston, Texas.

2.      Defendant is an individual with a residence in the State of Oklahoma, and is the debtor in the above-captioned chapter 7 bankruptcy case pending in this Court.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4.      Venue of this adversary proceeding is proper in this District pursuant to 28 U.S.C. § 1409.

{S322903;7}

5.       This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2).

BACKGROUND

6.       Plaintiff is the successor-in-interest by merger to Eagle Rock Energy Partners, L.P., Eagle Rock Energy G&P, LLC, Eagle Rock Mid-Continent Asset, LLC and Eagle Rock Mid-Continent Operating, LLC (collectively, "Eagle Rock").

7.       Effective February 7, 2013, Bigfoot Energy Services, LLC dba Bigfoot Oilfield Services ("Bigfoot") and Eagle Rock Energy G&P, LLC, on behalf of Eagle Rock Energy Partners, L.P. and/or any of its subsidiaries and Affiliates, which included Eagle Rock Mid-Continent Asset, LLC and Eagle Rock Mid-Continent Operating, LLC, entered into a Master Service Agreement ("MSA") whereby Bigfoot contracted to provide labor and materials to Eagle Rock (now Plaintiff).

8.       At all relevant times, Defendant was a Member and the sole Manager of Bigfoot and Defendant executed the MSA on behalf of Bigfoot as "Vice President (Co-Owner)".

9.       Under the MSA, Bigfoot contracted with Eagle Rock (now Plaintiff) to drill or provide other services on two wells, the Brown 1-29 Well and Sparks 1-3-10 XH Well (collectively, "Subject Wells").

10.      Eagle Rock (now Plaintiff) fully paid Bigfoot for any and all work performed by Bigfoot on the Subject Wells and Eagle Rock (now Plaintiff) otherwise performed all of its obligations to Bigfoot under the MSA.

11.      Paragraph 3.6 of the MSA provides that Bigfoot will not allow any liens to be placed on Eagle Rock (now Plaintiff)'s leases, wells, equipment, lands, fixtures, improvements, or other property, and will indemnify Eagle Rock (now Plaintiff) from lien claims.

{S322903;7}

12.    Under 42 Okla. Stat. § 144.2, monies paid by Eagle Rock (now Plaintiff) to Bigfoot under the MSA were trust funds which were required to be applied to payment of lienable claims, and not to be used for any other purpose until all lienable claims were paid.

13.    Bigfoot did not pay a subcontractor, Coulter Oilfield Services, LLC ("Coulter"), for services Coulter performed on the Subject Wells.  Coulter filed a lien on the Brown 1-29 Well in the amount of $32,944.75, and on the Sparks 1-3-10 XH Well in the amount of $44,483.00 (collectively, the "Coulter Liens").

14.    Bigfoot, acting by and through Defendant as its sole Manager, breached paragraph 3.6 of the MSA and breached the fiduciary duty to Eagle Rock (now Plaintiff) by failing to pay Coulter from monies paid by Eagle Rock (now Plaintiff) under the MSA and allowing the Coulter Liens to be placed on the Subject Wells.

15.    Defendant, in his capacity as a Member and/or as the sole Manager of Bigfoot, was responsible for the performance of the fiduciary duty owed by Bigfoot to Eagle Rock (now Plaintiff) and the proper payment of the trust funds.  Defendant breached his fiduciary duty to Eagle Rock (now Plaintiff) by allowing the Coulter Liens to be placed on the Subject Wells.

16.    Eagle Rock (now Plaintiff) has been required to satisfy and discharge, and has satisfied and discharged, the Coulter Liens by paying all amounts due to Coulter, including interest and fees.

17.    Cox knowingly participated in the misuse of the trust funds paid to Bigfoot by Eagle Rock (now Plaintiff), or, alternatively, negligently or recklessly failed to prevent the misuse of the trust funds.

3

18.     Cox and Bigfoot willfully and maliciously injured Eagle Rock (now Plaintiff) through the misuse of the trust funds paid to Bigfoot by Eagle Rock (now Plaintiff), without justification or excuse.

## COUNT 1
(Money Judgment – Violation of 42 Okla. Stat. § 144.2)

19.     Plaintiff Vanguard repeats and realleges paragraphs 1 - 18 of this Complaint.

20.     Bigfoot and Cox owed a fiduciary duty to Eagle Rock (now Plaintiff) to hold funds paid by Eagle Rock (now Plaintiff) to Bigfoot as trust funds to be applied to payment of lienable claims, and not to be used for any other purpose until all lienable claims were paid.

21.     Bigfoot and Cox are liable to Plaintiff for violation of 42 Okla. Stat. § 144.2, for losses and damages incurred in the amount of $77,427.75, as well as fees, expenses and other costs, and for punitive damages, all as allowed under applicable law.

22.     As a Member and/or as the sole Manager of Bigfoot, Cox is liable to Plaintiff for conversion of the trust funds paid to Bigfoot by Eagle Rock (now Plaintiff) for losses and damages incurred in the amount of $77,427.75, as well as fees, expenses and other costs, and for punitive damages, all as allowed under applicable law (collectively, the "Claim Amount").

23.     Plaintiff is entitled to judgment against the Defendant in the Claim Amount.

## COUNT 2
(Money Judgment – Conversion)

24.     Plaintiff Vanguard repeats and realleges paragraphs 1 - 23 of this Complaint.

25.     In breach of contractual and fiduciary duties, Bigfoot, acting through the Defendant, and the Defendant, individually, wrongfully asserted dominion or authority over and misused trust funds paid by Eagle Rock (now Plaintiff) to Bigfoot to be applied to payment of lienable claims, and not to be used for any other purpose until all lienable claims were paid.

4

{S322903;7}

26.     Defendant is liable to Plaintiff for conversion of the trust funds paid to Bigfoot by Eagle Rock (now Plaintiff) for losses and damages incurred in the Claim Amount.

27.     Plaintiff is entitled to judgment against the Defendant in the Claim Amount.

COUNT 3
(Non-Dischargeability of Debt under 11 U.S.C. § 523(a)(4))

28.     Plaintiff Vanguard repeats and realleges paragraphs 1 - 27 of this Complaint.

29.     Bigfoot and Cox owed a fiduciary duty to Eagle Rock (now Plaintiff) to hold funds paid by Eagle Rock (now Plaintiff) to Bigfoot as trust funds to be applied to payment of lienable claims, and not to be used for any other purpose until all lienable claims were paid.

30.     Cox knowingly participated in the misuse of the trust funds paid to Bigfoot by Eagle Rock (now Plaintiff), or negligently or recklessly failed to prevent the misuse of the trust funds.

31.     Upon the foregoing, the indebtedness owed to Plaintiff is a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(4) as a debt for defalcation while acting in a fiduciary capacity.

32.     Plaintiff is entitled to judgment against the Defendant determining that the Claim Amount and Plaintiff's judgment therefor is not dischargeable in Defendant's bankruptcy.

COUNT 4
(Non-Dischargeability of Debt under 11 U.S.C. § 523(a)(6))

33.     Plaintiff Vanguard repeats and realleges paragraphs 1 - 32 of this Complaint.

34.     Bigfoot and Cox willfully and maliciously caused injury to Eagle Rock (now Plaintiff) and/or the property of Eagle Rock (now Plaintiff) through the misuse of the trust funds, without justification or excuse.

35.     Upon the foregoing, the indebtedness owed to Plaintiff is a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(6).

{S322903;7}

36.     Plaintiff is entitled to judgment against the Defendant determining that the Claim Amount and Plaintiff's judgment therefor is not dischargeable in Defendant's bankruptcy.

WHEREFORE, Plaintiff, requests the Court (a) enter judgment for Plaintiff and against Defendant for losses and damages incurred in the Claim Amount, (b) determine the debt owed by Defendant for the Claim Amount is non-dischargeable, and (c) for such other and further relief as this Court deems just and proper.

Respectfully Submitted,

VANGUARD OPERATING, LLC

By: */s/ G. Blaine Schwabe, III*
    G. Blaine Schwabe, III – OBA No. 8001
    Elizabeth F. Cooper – OBA No. 31026
GABLEGOTWALS
One Leadership Square – 15th Floor
211 North Robinson
Oklahoma City, OK  73102
Telephone: (405) 235-5500
Facsimile: (405) 235-2875
gschwabe@gablelaw.com
ecooper@gablelaw.com

*Attorneys for Vanguard Operating, LLC*

6

{S322903;7}